UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SCOTTO and BETTY SCOTTO,

    Plaintiffs,

- against -

LONG ISLAND RAILROAD and
NATIONAL RAILROAD PASSENGER
CORPORATION,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/07

**OPINION AND ORDER**

05 Civ. 4757(PKL)

**APPEARANCES**

ARYE, LUSTIG & SASSOWER, P.C.
John G. Korman
20 Vesey Street
New York, NY 10007

Attorneys for the Plaintiffs

LANDMAN CORSI BALLAINE & FORD PC
Ronald E. Joseph
120 Broadway, 27th Floor
New York, NY 10271

Attorneys for the Defendant National Railroad Passenger
Corporation

**LEISURE, District Judge:**

James Scotto brings this action for damages caused by personal injuries he alleges he sustained when a National Railroad Passenger Corporation ("Amtrak") train struck the Long Island Rail Road car he was in. Mr. Scotto's wife Betty Scotto brings a derivative action for loss of services. The Scottos have discontinued their action against the Long Island Rail Road. Amtrak does not contest liability. Thus, only the issues of causation and damages remain to be tried. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1349.

Amtrak moves this court, in limine, pursuant to Rules 402 and 403 of the Federal Rules of Evidence to preclude the Scottos from introducing certain evidence at trial, namely: (1) testimony of witnesses John Kocka and Thomas Tempesta as well as testimony of a representative of Mr. Scotto's labor union, (2) all bills for Mr. Scotto's medical treatment, and (3) Federal Railroad Administration accident reports and investigation documents. For the reasons set forth below, Amtrak's motion is granted in part and denied in part.

## BACKGROUND

According to the Scottos' contentions in the Joint Pre—Trial Order, Mr. Scotto was a construction electrician at the time of the train accident. He claims that as a result of the

2

accident, he sustained injuries to his cervical spine and lumbar spine, for which he received medical treatment on multiple occasions. The injuries, he claims, have substantially limited his employment and household duties from the date of the accident through the present. In the Joint Pre-Trial Order, Amtrak contends, inter alia, that Mr. Scotto has not sustained any permanent injuries and that the injuries have not caused Mr. Scotto to lose earnings or earning capacity.

## DISCUSSION

### I. Motions In Limine and Rules 402 and 403

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Indeed, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 01 Civ. 3796(PKL), 2005 U.S. Dist. LEXIS 7902, 2005 WL 1026515, at *3 (S.D.N.Y. May 2, 2005) ("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.").

3

"The court's ruling regarding a motion in limine is 'subject to change when the case unfolds.'" Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 01 Civ. 3796(PKL), 2004 U.S. Dist. LEXIS 17791, 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004) (quoting Luce, 469 U.S. at 41). Accordingly, this Opinion and Order constitutes a preliminary determination subject to change.

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by . . . Act of Congress, [or] by these rules. . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The "standard of relevance established by the Federal Rules of Evidence is not high." United States v. Southland Corp., 760 F.2d 1366, 1375 (2d Cir. 1985) (Friendly, J.). Evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401.

Under Rule 403 of the Federal Rules of Evidence, the trial court has "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1193 (2d Cir. 1989) (citing Fed. R. Evid. 403; United States v. Carter,

4

801 F.2d 78, 83 (2d Cir. 1986); United States v. Martinez, 775
F.2d 31, 37 (2d Cir. 1985)). Rule 403 also provides for the
exclusion of relevant evidence if "its probative value is
substantially outweighed by the danger of unfair prejudice." Fed.
R. Evid. 403. Evidence is prejudicial under Rule 403 if it
"involves some adverse effect . . . beyond tending to prove the
fact or issue that justified its admission into evidence." United
States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir. 1995). The Court
will exclude such evidence if it has "an undue tendency to suggest
decision on an improper basis, commonly, though not necessarily,
an emotional one." Fed. R. Evid. 403, Adv. Comm. Notes. Because
Rule 403 excludes relevant evidence, "it is an extraordinary
remedy that must be used sparingly." George v. Celotex Corp., 914
F.2d 26, 31 (2d Cir. 1990). The "district court retains broad
discretion to balance the evidence's potential prejudice . . .
against its probative value." United States v. Downing, 297 F.3d
52, 59 (2d Cir. 2002).

## II. The Scottos' Witnesses

Amtrak seeks, pursuant to Rules 402 and 403 of the Federal
Rules of Evidence, to preclude the testimony of John Kocka and
Thomas Tempesta—both of whom are said to have witnessed the
accident—as well as that of a representative of Mr. Scotto's labor
union.

Amtrak claims that the Scottos had not provided prior notice of Mr. Kocka and Mr. Tempesta's identity and proposed testimony and that their testimony would be cumulative and irrelevant, thereby prejudicing Amtrak. Both of Amtrak's claims are unpersuasive. Although Amtrak indicates in its motion papers that it was not notified of Messrs. Kocka and Tempesta's identities and proposed testimony, Amtrak does not contest that the plaintiffs' initial disclosure on June 29, 2005 contained this information, thereby undermining its position entirely. Amtrak further claims that testimony by Messrs. Kocka and Tempesta about the circumstances surrounding the accident will be cumulative and irrelevant because Mr. Scotto will be able to testify to the circumstances himself. Yet certain relevant circumstances concerning the accident are in dispute, apparently including whether Mr. Scotto was even on the train. (See Joint Pre-Trial Order ("PTO"), Undisputed Facts.) Mr. Scotto's presence on the train at the time of the accident is likely relevant to the issue of causation. Further, should Amtrak contest any of Mr. Scotto's testimony—and the parties' inability to agree to any of the circumstances surrounding the accident (see id.) indicates that this may well be the case—testimony from Mr. Kocka or Mr. Tempesta would not be the "needless presentation of cumulative evidence." Fed. R. Evid. 403. The plaintiff's controverted testimony would be unlikely to "so firmly establish[]" the circumstances surrounding

6

the accident "as to render this evidence surplusage." United States v. Wong, 40 F.3d 1347, 1378 (2d Cir. 1994). The Scottos are accordingly not now precluded from introducing the testimony of Messrs. Kicka and Tempesta.

Amtrak also seeks to preclude the testimony of a representative of Mr. Scotto's labor union. The Joint Pre-Trial Order identifies one of the Scottos' witnesses simply as a representative of Mr. Scotto's "electrical union, the I.B.E.W., Local Union #3." (PTO, Plaintiffs' Witnesses.) It is undisputed that the Scottos did not provide notice of this witness's proposed testimony until they filed their brief on March 9, 2007 in opposition to this motion and that the witness is not yet identified. According to their opposition brief, the Scottos seek to have a representative of Mr. Scotto's labor union testify about Mr. Scotto's contractual wages and benefits, authenticate the union contracts, and explain how wages and benefits are determined. Amtrak argues that the union representative's testimony should not be permitted because it is irrelevant and needlessly cumulative and because the union representative will testify as an expert but was not timely identified.

Mr. Scotto's contractual wages and benefits are relevant to the determination of damages, which, it is claimed, include lost wages. Further, Amtrak has not sought to explain with what other

evidence this testimony is needlessly cumulative. Thus the
evidence is not excluded under Rule 403.

Amtrak argues that information regarding this witness was not
timely provided. Amtrak has not sought remedy under Rule 37(c)(1)
of the Federal Rules of Civil Procedure; accordingly, exclusion of
the representative's testimony pursuant to that rule is not
properly before the Court. Of course, "surprise is not one of the
enumerated grounds for the exclusion of evidence under Federal
Rule of Evidence 403," O'Rourke v. Eastern Air Lines, Inc., 730
F.2d 842 (2d Cir. 1984) (citing Fed. R. Evid. 403, Adv. Comm.
Notes), and Amtrak has not argued why surprise would nevertheless
be an appropriate reason for excluding the evidence in the case at
hand. Accordingly, the Court is not positioned to exclude the
evidence on the basis of Plaintiffs' failure to previously
identify the union representative. Amtrak's motion is denied with
respect to the Scottos' witnesses.

III. Mr. Scotto's Medical Bills

The Scottos seek to introduce into evidence all of the bills
for Mr. Scotto's medical treatment. Amtrak seeks to have the
medical bills precluded because they were never before identified
or noticed and because they are prejudicial to Amtrak.

In the Joint Pre-Trial Order, the Scottos specify those
medical bills they propose to introduce into evidence as their
exhibits 2-8, 10, 11, and 17. (PTO, Plaintiff's Exhibits.)

8

Plaintiffs' Prospective Exhibit 9 reads simply "All bills for medical treatment." (Id.) It is this prospective exhibit that Amtrak objects has not been previously identified. (See PTO at 12.) However, in their opposition brief the Scottos state that they do not seek to introduce any medical bills other than those identified in their prospective exhibits 2-8, 10, 11, and 17,[1] which were made available to Amtrak. That is, the Scottos do not seek to introduce any evidence as their prospective exhibit 9. Accordingly, there is currently no evidence for the Court to preclude on these grounds, and the motion thus cannot now be granted on this basis.

Amtrak also moves to preclude all of Mr. Scotto's medical bills under Rules 402 and 403 because they are irrelevant and would be unfairly prejudicial to Amtrak. Amtrak does not explain how medical bills are not relevant to an action for damages arising out a personal injury. Mr. Scotto's medical expenses are a portion of his claimed damages, and medical bills would seem eminently relevant to establishing the cost of his medical expenses.

---

[1] Plaintiffs' opposition brief identifies prospective exhibit "#12 (Dr. John Ricciardelli)" as one of the medical providers' bills it proposes to introduce. This appears to be a scrivener's error: "12" appears to have been written where "17" was intended. Plaintiffs' prospective exhibit 12 is "Plaintiff's employment records from Consolidated Electric, Corporate Electric, and Wade Electric," and plaintiffs' prospective exhibit 17 is "The records, reports, notes, forms, written sheets, radiological tests, prescriptions, evaluations, bills, and any other writings of John Ricciardelli, M.D."

9

Amtrak also argues that it will be unfairly prejudiced by the admission of Mr. Scotto's medical bills because the proposed evidence will obfuscate the issue of medical causation and the reasonableness and necessity of the medical expenses. Thus, although not so expressed, Amtrak apparently also seeks to preclude the medical bills on the grounds that their probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury. See Fed. R. Evid. 403.

Although the introduction of medical bills certainly could prejudice Amtrak, it is unclear how that prejudice would be unfair. Evidence is unfairly prejudicial "'only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'" United States v. Quattrone, 441 F.3d 153, 186 (2d Cir. 2006) (quoting United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980)). Mr. Scotto seeks to introduce the medical bills to prove his damages, and Amtrak has not explained on what "improper basis" the medical bills would tend "to suggest decision." Fed. R. Evid. 403, Adv. Comm. Notes. Accordingly, the Court does not find the probative value of the medical bills to be unfairly prejudicial to Amtrak.

As for the dangers of confusion of the issues or of misleading the jury, the introduction of bills for medical treatment that the Scottos are not able to demonstrate reasonably

10

resulted from the train accident might complicate the jury's analysis. However, any such complication would be small. In its determination of damages, it would not be difficult for the jury to disregard any bills for any medical treatment that it determines was unnecessary or not a result of the accident. Further, any danger of confusion of the issues or misleading the jury that the medical bills might pose falls far short of outweighing the probative value of the bills. Indeed, precluding the introduction of the medical bills wholesale at this stage simply because medical causation is an issue to be tried would be manifestly unfair to the Scottos. Amtrak's motion is denied with respect to Mr. Scotto's medical bills.

IV. Federal Railroad Administration Accident Report

The Scottos seek to introduce into evidence the "official accident reports and investigation documents of the U.S. Department of Transportation Federal Railroad Administration regarding the accident." (PTO, Plaintiff's Ex. 18.) Amtrak seeks to preclude this evidence on the grounds that Federal statute prohibits their use as evidence.

49 U.S.C. § 20901 requires a railroad carrier to "file a report with the Secretary of Transportation on all accidents and incidents resulting in injury or death to an individual," and 49 U.S.C. § 20902 permits the Secretary of Transportation to investigate certain railroad accidents and incidents. 49 U.S.C. §§

SO ORDERED.

New York, New York
March **2O** , 2007

_____
U.S.D.J.